

**FILED**
April 15, 2024 04:09 PM
SX-2020-CR-00098
**TAMARA CHARLES**
**CLERK OF THE COURT**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| PEOPLE OF THE VIRGIN ISLANDS,<br>Plaintiff,<br><br>vs.<br><br>JIMMY DAVIS,<br>Defendant. | **SX-2020-CR-00098**<br><br>CHARGE(S): RAPE FIRST DEGREE;<br>UNLAWFUL SEXUAL CONTACT FIRST<br>DEGREE; BURGLARY FIRST DEGREE;<br>ASSAULT FIRST DEGREE; HOME<br>INVASION<br><br>**2024 VI SUPER 16U** |

## MEMORANDUM OPINION

¶ 1     THIS MATTER is before the Court following the Opinion and Judgment of the Supreme Court of the Virgin Islands, entered December 19, 2023, reversing and remanding this Court's November 29, 2022, Opinion and Order ("Bail Order") adjudicating Defendant's March 21, 2022 Motion for Modification of Bail ("2022 Bail Motion"). Also before the Court is Defendant's Motion to Modify Pretrial Release Conditions, filed January 25, 2024 ("2024 Bail Motion").

¶ 2     On December 13, 2022, Davis filed his interlocutory appeal with the Supreme Court seeking relief from the Bail Order. The Supreme Court's December 19, 2023 Opinion held that this Court "erred when it relied on the allegations made by Davis's former court-appointed attorneys in their motions to withdraw as counsel" in ruling on Davis's 2022 Bail Motion. *Davis v. People*, 2023 VI 16, ¶ 33 (V.I. 2023). Because this Court "considered these materials *sua sponte* without providing Davis with a right to be heard," the matter was remanded to "provide Davis with an opportunity to be heard with respect to the matters raised by the Superior Court *sua sponte*." *Id.*

¶ 3     On remand, a hearing was held March 20, 2024, wherein the Court heard testimony from Defendant Jimmy Davis, who attended the hearing via Zoom from the Farrelly Criminal Justice Center in St. Thomas, and from Defendant's sister, proposed third party custodian, Jacqueline Davis Wathey, and considered arguments of attorneys for Davis and the People. For the reasons set forth below, Defendant's 2022 Bail Motion and 2024 Bail Motion will be denied, and Davis's monetary bail will remain set at $250,000, fully secured, and other conditions of pretrial release will similarly be maintained.

## BACKGROUND

¶ 4    Davis was arrested in this matter on April 6, 2020, for rape in the first degree, among other charges. In the arrest report bail was listed at $100,000, "as per chart."[1] At his advice of rights hearing on April 8, 2020, the People objected to Davis being released on bail, proffering that he was a flight risk and a danger to the community.[2] The People also claimed that Davis was to be serving a federal sentence and was mistakenly released before committing the instant offense.[3] At the April 8, 2020 initial hearing, the magistrate judge ordered that Davis's bail would "remain at $1,000,000."[4]

¶ 5    Davis first moved for reconsideration of bail on August 11, 2020, arguing that $1,000,000 was grossly excessive and designed only to punish, noting his indigency. First Motion for Modification of Bail ("First Motion"), at 3. Davis noted that he has lived on St. Croix all his life, has numerous family members here including his parents, and "upon learning a warrant was issued for his arrest in this matter…turned himself in," thus arguing that he did not constitute a flight risk. *Id.* Davis indicated that his mother would be willing to serve as his third-party custodian and assure his appearance before the Court. *Id.* Lastly Davis noted, without reference to any particular cases, his history of appearances before various courts in other matters. *Id.*

¶ 6    In opposition, on August 17, 2020, the People proffered that because Davis's National Crime Information Center ("NCIC") and Virgin Islands Police Department ("VIPD") records indicated that he had been arrested "approximately" 38 times and convicted for 8 offenses—many of which occurred while he was on bond or supervised release for other offenses—Davis posed a risk of physical harm to the community. Opposition to First Motion for Modification of Bail ("First Opposition"), at 2. The People also argued that Davis had been involved in multiple high-speed chases with VIPD, and "has shown a disregard for the orders of this and other courts," and as such presented a flight risk.[5] *Id.* at 2-4.

---

[1] Probable Cause Fact Sheet, filed April 8, 2020, at 38; *see also* Amended Order Modifying the Setting of Bail in the Absence of a Judge (SX-2020-MC-00024) ("Bail Chart"), signed March 23, 2020 by then Presiding Judge Harold W.L. Willocks, which sets bail for first-degree rape at $100,000.

[2] Memorandum Record of Proceeding (Apr. 8, 2020).

[3] *Id.* Davis has indicated that he was in federal custody from February 26, 2018 until March 27, 2020. *See* Defendant's Emergency Renewed Motion for Modification of Bail, at 3 (Dec. 1, 2020). A warrant was issued for Davis by the U.S. District Court magistrate judge on March 31, 2020, for failure to report to probation within 72 hours of being released. *See* Probable Cause Fact Sheet, at 61.

[4] *Id.* The WebEx recording of this hearing, conducted without a court reporter, is unavailable and no transcript exists. As such, it is unknown what findings, if any, were made by the magistrate judge regarding the bail amount. Further, it remains unclear from the available record whether the magistrate judge in fact increased Davis's bail from $100,000 to $1,000,000 at that hearing or, if not, when the bail was increased.

[5] The First Opposition included an April 4, 2020 supplemental VIPD report in this matter and February 6 and February 27, 2018 supplemental reports related to VIPD's attempt to arrest Davis for a December 12, 2017 assault (Complaint No. 17 A-11951). Those 2018 supplements reported that Davis made "several telephone calls" to the Superior Court Clerk's office, "became irate and began cursing." Further, Davis is

¶ 7    A hearing was held November 16, 2020, wherein the Court orally denied the First Motion without prejudice and instructed counsel to provide supplemental information regarding the status of Defendant's federal sentence.[6]

¶ 8    On December 1, 2020, Davis filed his Emergency Renewed Motion for Modification of Bail ("Emergency Motion") and provided an April 14, 2020 V.I. Bureau of Corrections Sentence Data Record ("Timesheet") reflecting the status of his incarceration for Territorial matters.[7]

¶ 9    On June 14, 2021, the Court held a hearing on Davis's Renewed Motion for Modification of Bail ("Renewed Motion") filed March 22, 2021, where the Court issued findings and orally denied the Renewed Motion. On June 22, 2021, Davis filed an interlocutory appeal to the Supreme Court. On April 1, 2022, the Supreme Court issued its Opinion holding that this Court "erred when it denied [Davis's] motion for modification of bail for the reasons given at the June 14, 2021 hearing." *Davis v. People*, 2022 VI 8, ¶8 (V.I. 2022). Because this Court had "applied the incorrect legal standard when it…denied Davis's motion without explaining how its findings justified setting bail at $1,000,000," the matter was remanded to permit the Court to "clearly articulate how its findings support setting bail" in a particular amount. *Id.* at ¶¶12 n.2, 13.

---

reported to have called the Superior Court inquiring about a family court case involving him. When the clerk advised him that the requested information could not be disclosed by phone, "Mr. Davis began cursing and he made threats saying the Superior Court will find the clerk in a body bag."

Davis was arrested for the December 2017 assault on February 26, 2018, as he sought to evade police. The supplemental report stated that police pursued Davis until one marked VIPD unit cut him off, at which point "Davis then placed the truck he was operating in reverse and collided into" a second marked police vehicle.

Another high-speed chase referenced in the First Opposition occurred January 31, 2010 as recounted in the U.S. District Court's description, of which the Court takes judicial notice: "On January 31, 2010, police were informed that an individual with a gun was seen in the Aurea Diaz Housing Community driving a blue Suzuki Aerio. Police responded and observed a vehicle matching this description a short distance from the housing community. A high-speed chase ensued; the suspect eventually drove through a fence on someone's property and drew a gun on the pursuing officer. The suspect escaped, but abandoned the vehicle. Inside the vehicle, police found a cell phone that allegedly contained Defendant [Davis]'s picture. A police officer identified the person in the picture on the phone as the person he was pursuing. Based on these circumstances, the Superior Court issued a search warrant for No. 816 William's Delight and an arrest warrant for Defendant. On February 13, 2010, members of the VIPD executed the search warrant at 816 William's Delight. During the execution of this search warrant, a member of the VIPD witnessed what appeared to be a hand grenade being tossed from the living room window of the house. The search of the residence also revealed a handgun. Defendant Jimmy Davis and his mother were the only occupants of the home at the time of the search. Defendant was arrested and placed in the custody of the VIPD." *United States v. Davis*, 2010 U.S. Dist. LEXIS 59354, at *2-3 (D.V.I. June 15, 2010).

[6] Memorandum Record of Proceeding (Nov. 16, 2020).

[7] The Emergency Motion indicated that the Timesheet "does not fully reflect the assessment of Mr. Davis's incarceration" for federal matters. Emergency Motion, at 3.

¶ 10    A hearing was held on October 26, 2022, wherein the parties were to "be prepared to present evidence, or to identify specific evidence in the existing record, on the factors to be considered regarding Defendant's release, including how those factors do or do not warrant imposition of specific terms and conditions and the maintenance of bail in any particular monetary amount."[8]

¶ 11    At that hearing, through counsel, Davis emphasized that he was requesting either release on his own recognizance or cash bail set in an amount that he could afford to post as an indigent defendant. The Court heard testimony from Davis's sister, proposed third-party custodian, Jacqueline Davis Wathey. The People presented testimony from Commander Naomi Joseph of the Virgin Islands Police Department, who testified to Davis's various interactions with law enforcement since the 1990's.

¶ 12    On November 29, 2022, the Court issued its Bail Order, granting the Renewed Motion, reducing the bail to $250,000, but rejecting Davis's request for release on his own recognizance or a lower cash bail. In addition to the parties' filings and evidence introduced at the October 26, 2022 hearing, in the Bail Order the Court considered the reasons Davis's former court-appointed attorneys had given for seeking leave to withdraw from his representation – which included characterizations of Davis as "threatening," "combative," and "violent" – as substantive support for its decision setting the cash bail amount.

¶ 13    Davis's December 13, 2022 appeal from the Bail Order argued, among other things, that the Superior Court erred by considering as substantive evidence the content of his former court-appointed attorneys' motions to withdraw. The Supreme Court's December 19, 2023 Opinion concurred, and reversed and remanded the Bail Order to this Court. The Supreme Court noted that evidence of violent behavior directed towards officers of the court and others is relevant to a bail modification inquiry. However, because evidence of such conduct had not been put forth by the People, and it is "a bedrock principal of our judicial system that courts should issue decisions based on arguments made and evidence presented by the parties," and not based on "arguments their adversaries never made," this Court had erred in considering the contents of the previous attorneys' motions to withdraw. *Davis v. People*, 2023 VI 16, ¶ 26 (V.I. 2023) (citation omitted). The Supreme Court reasoned that by *sua sponte* considering the motions to withdraw as substantive evidence without first advising the parties of its intention to do so, the Court essentially "deprived Davis of his right to be heard." *Id.*, ¶ 30.

¶ 14    Davis filed his 2024 Bail Motion on January 25, 2024, wherein he requests that the Court permit his release into the third-party custody of his sister, Jacqueline Davis Wathey, upon the signing of an unsecured bond in the amount of $250,000.

---

[8] Order (Apr. 22, 2022) (setting hearing for May 24, 2022, on the Renewed Motion following the Supreme Court's remand). That hearing was delayed, ultimately until October 26, 2022, as between April 2022 and October 2022, eight different attorneys moved to be relieved as Defendant's counsel.

¶ 15    Following remand, the Court conducted a hearing on March 20, 2024, on Davis's 2022 Bail Motion and 2024 Bail Motion, wherein Ms. Davis Wathey testified that she was willing to act in the capacity of third-party custodian. Davis Watley agreed to have Davis maintain his residence with her and her bed-ridden mother, Sheila Davis, for whom she acts as sole caregiver, at their home in Williams Delight, Frederiksted. Davis Wathey testified that she was employed full-time in Christiansted Town and that, if Davis were to be released, she would not be at home Monday to Friday from 8:00 a.m. - 5:00 p.m.

¶ 16    At the hearing, the People voiced acceptance of the modified pretrial conditions, but only with a 24-hour GPS monitor. After the hearing the same day, however, the People resubmitted previously filed responses, dated August 17, 2020, and June 11, 2021, opposing Defendant's proposed modified release conditions, arguing that Davis poses a risk of physical harm to the community and is a flight risk.[9]

## LEGAL STANDARD

¶ 17    The Eighth Amendment of the United States Constitution addresses pretrial release by providing that "excessive bail shall not be required." The Eighth Amendment is applicable to the United States Virgin Islands through the Revised Organic Act. *Karpouzis v. Gov't of the V.I.,* 36 V.I. 132, 139, n. 14 (D.V.I. 1997) ("The Eighth Amendment and the Due Process Clause of the 14th Amendment are made applicable to the Virgin Islands under section 3 of the Revised Organic Act of 1954."); *Todmann v. People,* 57 V.I. 540, 545 n.3 (V.I. 2012) ("Congress has extended the Eighth Amendment, as well as the Due Process Clause of the Fourteenth Amendment, to the Virgin Islands through section 3 of the Revised Organic Act of 1954); *Murrell v. People*, 54 V.I. 338, 351 n.6 (V.I. 2010); *Tobal v. People*, 51 V.I. 147, 151 (V.I. 2009); *Browne v. People*, 50 V.I. 241, 256 (V.I. 2008).

¶ 18    Section 3 of the Revised Organic Act of 1954, the *de facto* constitution of the Virgin Islands, guarantees that "[a]ll persons shall be bailable by sufficient sureties in the case of criminal offenses, except for first degree murder or any capital offense when the proof is evident or the presumption great." 48 U.S.C. § 1561; *see also* 5 V.I.C. § 3504a. Bail is further governed by V.I. R. Crim. P. 5-1, which states that, "[t]he court shall impose the least restrictive ... non-exhaustive range of conditions of release that will reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process[.]" V.I. Crim. R. 5-1(b).

¶ 19    The primary purpose of bail is to safeguard the court's role in adjudicating the innocence or guilt of defendants. *United States v. Salerno*, 481 U.S. 739, 753 (1987). Bail that is

---

[9] Also on March 20, 2024, Davis filed a Motion to Deem Motion to Modify Pre-trial Release Conceded Due to People's Failure to Respond. Therein, Davis argues that in failing to file their opposition by February 14, 2024 (the deadline indicated in the Court's scheduling Order), the People have waived their right to object to the 2024 Bail Motion. All the content of those filings was already a part of the record, and nothing untimely filed is considered by the Court. As such, Davis's Motion to Deem Conceded is denied.

set at a figure higher than reasonably calculated to fulfill this purpose is "excessive" under the Eighth Amendment. *Stack v. Boyle*, 342 U.S. 1, 5 (1951). "Any bail or conditions of release that are not tailored to achieve the purpose of bail are considered excessive and therefore unconstitutional." *Rieara v. People*, 57 V.I. 659, 667 (V.I. 2012) (citing 48 U.S.C. § 1561).

¶ 20    "[J]udges may consider the risk of flight, danger to society, or both," when resolving the question of the adequacy of bail, however, judges "may not use such considerations to deny bail entirely." *Tobal v. People*, 51 V.I. at 156–57.

¶ 21    "Whether bail is set at a level to adequately ensure the defendant's presence at court depends on whether the defendant is a flight risk." *People v. Rionda*, 21 VI SUPER 31, ¶ 11 (V.I. Super. Ct. 2021) (citing *Tobal*, 51 V.I. at 156-57). Factors that may be considered when evaluating whether a defendant is a flight risk include:

> Potential length of the defendant's sentence if convicted, prior use of false identities or deceptive means by which the defendant may evade government detection if attempting to flee, the risk of retaliation from others which incentivizes the defendant to flee, the defendant's citizenship status, the defendant's employment status, the defendant's history of travel, the defendant's ties to the jurisdiction, and whether the defendant has considerable contacts or ties to family members outside of jurisdiction.
>
> *Id.* (internal citations omitted).

¶ 22    The adequacy of bail conditions is also affected by whether the defendant is a danger to the community. *Id.* at ¶ 13. Factors to be considered include, but are not limited to, "the nature of the charges, the defendant's criminal history, the defendant's history of violence, a prior court order to attend anger management, and the defendant's history of mental illness." *Id.* (internal citations omitted). *But cf. People v. Simmonds*, 48 V.I. 320, 329 (V.I. Super. Ct. 2009) (the defendant is presumed innocent until proven guilty, thus pending charges cannot necessarily determine danger to the community).

¶ 23    These considerations appertain with equal force to a motion to reduce bail or modify pretrial release conditions as to the initial bail determination at the outset of proceedings. *Davis v. People*, 2022 V.I. 8, ¶ 11. In resolving a motion to modify bail and pretrial release conditions, the court must make an individualized determination to ensure that bail is not excessive and must tailor the bail, or conditions of release, to achieve that purpose. *Rieara v. People*, 57 V.I. at 667. Furthermore, an order establishing or modifying release conditions cannot be "based on 'a mere…recitation of relevant criteria," but rather "should clearly explain why those criteria support the ultimate bail amount or other release conditions." *Id.* at 666. "[W]here a defendant's new motion includes additional evidence or new and different proffers…the court should [] provide reasons for retaining the bail conditions as initially set" or, by implication, for the modified conditions. *Id.* at 667. Nonetheless, the court uses its discretion in reaching a well-reasoned, individualized determination. *People v. Rionda*, 2021 VI SUPER 31, ¶ 6. *See People v. Saldana*, No. ST-14-CR-F187, 2015 WL 301491, at *4 (V.I. Super. Ct. Jan. 16, 2015) (unpublished)

("conditions of release rests in the sound discretion of the trial judge," (citing *Rieara*, 57 V.I. at 668 (noting that the Virgin Islands Supreme Court applies an abuse of discretion standard to the trial court's decision.)).

¶ 24    Ultimately, any bail or conditions of release that are not tailored to ensure the defendant's presence at trial, protect the community from harm, and assure the integrity of the judicial process, are considered excessive and thus, unconstitutional. *See Stack*, 342 U.S. at 3; *Cartois v. People*, 61 V.I. 257, 260 (V.I. 2014) (quoting *Rieara*, 57 V.I. at 667 (citing section 3 of the Revised Organic Act)).

## DISCUSSION

### I.    Risk of Flight

¶ 25    When making a bail determination, a court must ensure that bail is "set at a level to adequately ensure the defendant's presence at court." *Rionda*, 2021 VI SUPER 31, ¶ 11. Factors the Court may consider that are relevant to this matter include: potential length of sentence if convicted, prior use of false identities, risk of retaliation from others which incentivizes flight, Defendant's citizenship status, employment status, history of travel, ties to the jurisdiction, and whether Defendant has considerable contacts outside the jurisdiction. *Id.*

¶ 26    Here, the potential sentence for a first-degree rape conviction is significant, ranging from 10 to 30 years. This factor increases the risk that Defendant may not appear, thus weighing in favor of a higher bail amount. There is evidence in the record to indicate that Davis has used aliases in the past. In fact, Davis is reported to have used the alias "Michael Rivera" during a telephone inquiry to the Superior Court Clerk's office. (Complaint No. 17 A-11951). Thus, the record indicates that in an official communication with the Court, Davis used an alias to evade identification while seeking information on the status of a pending case in which he was involved. This factor weighs in favor of a higher bail amount.

¶ 27    In his own filing, Davis has referred to his "lengthy and contentious history" with VIPD. October 24, 2022 Addendum, at 8. He claims that his reactions to contacts with police officers may have been motivated not by "an unwillingness to appear" in court, but rather because he may have feared VIPD retaliation against him. At the October 26, 2022 hearing, Davis's counsel reiterated his position that Davis has had a bad relationship with police. Thus, by Davis's own admission, he has a "history of fleeing from the VIPD... on two or three occasions..." and "has been a thorn in the side of many in the criminal justice system..." *Id.* Davis's admitted fear of potential VIPD retaliation against him may provide motivation to again seek to evade authorities, and this factor also weights in favor of a higher bail amount.

¶ 28    As a St. Croix native and lifetime resident, Davis is a United States and Virgin Islands citizen with family members, including his mother, who reside in St. Croix. This factor weighs in favor of a lower bail amount because it decreases the likelihood that Davis would leave the jurisdiction.

¶ 29    Davis is unemployed. While the record demonstrates that Davis has been in and out of local and federal custody for much of his adult life, this factor is analyzed on the basis of a defendant's employment status, not the reasons underlying that status. Thus, since Davis lacks employment, the Court finds that this status weighs against assuring his presence when required to appear in court, and this factor also weighs in favor of a higher bail amount.

¶ 30    The record supports Davis's contention that he has strong ties to the jurisdiction. However, Davis admits that he has attempted to flee law enforcement multiple times. The District Court noted that those attempts have gone so far as to brandish a weapon at a police officer and ramming his car into a marked police vehicle during a pursuit. *Davis*, 2010 U.S. Dist. LEXIS 59354, at *2-3.

¶ 31    Davis argues that "for all his arrests and convictions there is no record before this Court that Davis has any 'failures to appear' for court or that he violated any condition of release prompting revocation and return to custody." Addendum, at 2. In addition to conceding that he has sought to flee from law enforcement officers, Davis also admits that he has "made unseemly and unacted upon threats to… others involved in the criminal justice system." *Id.* at 8. Therefore, in view of these facts, Davis's contention that "there is no record before this Court that Davis has any failures to appear for court," rings especially hollow.

¶ 32    The record further reflects that Davis was released from federal custody on March 27, 2020, and that by March 31, 2020, Davis had an active federal warrant against him for failure to report to probation. Just three days later, on April 3, 2020, the alleged rape at issue in this case took place. Not only does this series of events demonstrate that Davis appears to have been in defiance of a federal court order when he allegedly committed the instant offense, but it further decreases the Court's confidence that he will appear when required in future proceedings in this matter.

## II.    Danger to the Community

¶ 33    Davis is correct that the prosecution's decision "to charge the defendant with a serious crime—*standing alone without more*—should have no bearing on the amount of bail or the conditions of pretrial release." *Moran v. People*, 2022 VI 9, ¶ 17 (V.I. 2022) (emphasis in original). Indeed, it is well-established both in caselaw and as a foundational principle of criminal law that a defendant is innocent until proven guilty and, as such, the charges a defendant is facing cannot be the *sole* basis for a court's decision regarding pretrial release. While Davis is correct to state that one of the objectives of bail is "to ensure a defendant appears at trial," he ignores another purpose of bail described in Virgin Islands Rules of Criminal Procedure 5-1(b): to "reasonably protect the community from risk of physical harm to persons." *See* Addendum, at 2.

¶ 34    While the nature of the charges against a defendant may not be the sole factor a court examines in setting bail, the charges may hold some place in the analysis. *See Rionda*, 2021 VI SUPER 31, ¶ 13. Here, because the record is replete with other information to consider, the

Court takes the nature of the charges into consideration for the purpose of acknowledging that the Superior Court's Bail Chart sets bail for first-degree rape at $100,000. That fact, however, does not establish that bail of $100,000 is necessarily reasonable or sufficient in the context of the facts of this, or of any other, case.

¶ 35    The record indicates that Davis has been previously ordered by courts to attend anger management, to participate in inpatient or outpatient substance abuse counseling, and to be referred for mental health treatment while incarcerated.[10] These previous orders weigh in favor of Davis's bail being set higher than $100,000. These past orders demonstrate that other courts have been concerned about the fact that Davis may pose a physical risk to persons in the community. In fact, Davis's sister and proposed third-party custodian testified at the October 26, 2022 hearing that she believes that Davis needs counseling.

¶ 36    Davis's record of arrests and convictions also supports a higher bail amount, many of which have been for violent crimes such as reckless endangerment, possession of a firearm, and assaults on law enforcement officials.

### *The Record Before the Court Does Not Support Modification of Bail*

¶ 37    The Virgin Islands Supreme Court has admonished that an order modifying a defendant's conditions of release cannot simply recite the relevant criteria but must clearly explain why such criteria ultimately support the Court's determination. *See Davis*, 2022 VI 8, ¶ 11. For example, in *People v. Cozier*, the court looked to the bail amount set in other courts in this jurisdiction for similar crimes. 2022 VI SUPER 53U, ¶ 16 (V.I. Super. Ct. 2022).

¶ 38    Davis points to events that gave rise to setting a bail amount of $500,000 for a rape defendant in *People v. Rodriguez*, 2018 V.I. LEXIS 5 (V.I. Super. Ct. Jan. 16, 2018). *See* First Motion, at 3. In *Rodriguez*, the Superior Court found that a $500,000 bail was not excessive for a defendant "charged with allegedly sexually assaulting and carjacking a female at gunpoint after striking her vehicle and causing it to stop." *Id.* Davis notes that this case is distinguishable from *Rodriguez*, in that aggravating factors of gun violence, use of weapons, or carjacking are not present.

¶ 39    Where a defendant provides "additional evidence or new and different proffers" not considered in previous bail orders, the court must explain whether and why that new information provides reasons for a modified outcome or retaining the existing bail conditions. *Rieara*, 57 V.I. at 667. Since the Court's last Bail Order, Davis has provided an Addendum to his Renewed Motion, and has presented twice the testimony of his sister, Jacqueline Davis Wathey, at the October 26, 2022 and March 20, 2024 hearings. As prospective third-party custodian, Ms. Davis Watley testified that Davis did not pose a risk of noncompliance with release conditions, but that he "just talks a lot." Nonetheless, Ms. Davis Watley conceded that she would not be at the home

---

[10] Probable Cause Fact Sheet, at 10, 20, 57.

to which Davis seeks release every workday from 8 am to 5 pm, a fact that casts doubt on her effectiveness as proposed third-party custodian.

¶ 40    Viewing the totality of the record in assessing Davis's potential risk of flight and danger to the community, the Court finds that bail set at $250,000 is appropriate and will, therefore, deny Davis's March 21, 2022 Motion for Modification of Bail and his January 25, 2024 Motion to Modify Pretrial Release Conditions. An appropriate Order is entered herewith.

Dated this _15_ day of April, 2024.

_____
DOUGLAS A. BRADY, JUDGE

**ATTEST**:

TAMARA CHARLES
Clerk of the Court

By: _____
Court Clerk ~~Supervisor~~
April 15, 2024

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**

April 15, 2024 04:04 PM
SX-2020-CR-00098
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## District of St. Croix

**People of the Virgin Islands v.
Jimmy Davis**

Case Number: **SX-2020-CR-00098**
Charges: **14 V.I.C. 1701 - Rape 1st Degree
14 V.I.C. 1701 - Rape 1st Degree
14 V.I.C. 1708 - Unlawful Sexual Contact
1st Degree
14 V.I.C. 442 - Burglary First Degree**

## NOTICE of ENTRY
## of
## Memorandum Opinion

**To:**  Amie M. Simpson, Esq.          Howard Lee Phillips, Esq.

**Please take notice that on April 15, 2024**
**a(n)** _____ **Memorandum Opinion** _____
**dated      April 15, 2024      was/were entered**
**by the Clerk in the above-titled matter.**

**Dated:**  **April 15, 2024**

**Tamara Charles**

**Clerk of the Court**

By:

**Brianna Primus
Court Clerk II**